05-CV-01406-CMP

**ORIGINAL**

FILED ——— ENTERED
LODGED ——— RECEIVED

AUG 12 2005  MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                   DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CASCADE DESIGNS, INC.,
a Washington corporation,

    Plaintiff,

    v.

UNITED INDUSTRIAL LTD.,
    and
GRAND INTERNATIONAL EXHIBITION CO. LTD.
Limited Liability Companies of the Peoples Republic of China,

    Defendants.

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

CASE NUMBER: CV05-1406RSM

Plaintiff Cascade Designs, Inc. (Cascade) alleges for its Complaint as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement and unfair competition arising from Defendants'

COMPLAINT    1

GRAYBEAL JACKSON HALEY
155-108TH AVENUE, SUITE 350
BELLEVUE, WASHINGTON 98004-5901
(425) 455-8575

unlawful importation, selling and offering to sell recreational snowshoes.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction under 28 U.S.C. § 1338(a) (patent case), 28 U.S.C. § 1338(b) (unfair competition), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1332(a) (diversity of citizenship). Venue is proper under 28 U.S.C. § 1391(d) because Defendants are, on information and belief, citizens and/or juristic entities of a foreign country, namely the Peoples Republic of China.

## THE PARTIES

3.      Plaintiff Cascade is a designer, manufacturer, seller and distributor of snowshoes, and is a Washington Corporation with a primary place of business in Seattle, Washington, 98134 USA.

4.      On information and belief, Defendant United Industrial Ltd. (United) is a manufacturer, seller and distributor of recreational sporting goods, and is a limited liability company having a business office and principal place of business at Unit518-520, 5/F, Flat A, Century Plaza, 14 Hualou Street, Ningbo, China.

5.      On information and belief, Defendant Grand International Exhibition Co. Ltd. (GIE) is a promotions entity that assists entities such as United in, *inter alia*, selling recreational sporting goods, and is a limited liability company having a business office and principal place of business at A-505 Grand Place No 5 Huizhong Rd. Chaoyang District, Beijing, 100013, China.

## FACTUAL BACKGROUND

6.      Plaintiff Cascade makes and sells a variety of innovative outdoor recreation goods. In ongoing efforts to expand its product offerings, Cascade has periodically acquired technologies

COMPLAINT                          2

GRAYBEAL JACKSON HALEY
155-108TH AVENUE, SUITE 350
BELLEVUE, WASHINGTON 98004-5901
(425) 455-5575

1  from other innovators in this field. Once such innovator was Mountain Safety Research, Inc.
2  (MSR), which Cascade purchased on 14 August 2001..

3  7.   As part of its purchase, Cascade acquired all assets of MSR relevant to this action,
4  including its intellectual property portfolio relating to various snowshoes and accessories there
5  for that are the subject of this suit. Of these assets, United States patents US 5,469,643 (the '643
6  patent), US 5,517,773 (the '773 patent), US 5,531,035 (the '035 patent), US 5,921,007 (the '007
7  patent), and US 6,195,919 (the '919 patent) are at issue in this action (collectively patents in suit).
8  True and correct copies of these patents, which were regularly issued by the United States Patent
9  and Trademark Office (USPTO), are attached hereto as Exhibits A, B, C, D and E, respectively.

10 8.   By way of assignments from the inventors to MSR, and from MSR to Cascade, Cascade
11 is the owner of all rights title and interest in and to the patents in suit. *See* Exhibits A, B, C, D
12 and E for chain of title information for each patent identified in the preceding paragraph, which
13 correctly represent the chain of title data present in the USPTO database.

14 9.   Cascade is a participant at the Summer Market 2005 Outdoor Retailer exhibition in Salt
15 Lake City, Utah occurring between 11 August and 14 August 2005.

16 10.  Defendant United is a participant at the Summer Market 2005 Outdoor Retailer
17 exhibition present in Salt Lake City, Utah occurring between 11 August and 14 August 2005. In
18 addition to a wide assortment of outdoor related recreational goods, United is displaying, offering
19 to sell, and on information and belief selling (through the taking of orders for specific quantities,
20 types, styles and the like for delivery into the United States on specific dates and at firm pricing)
21 snowshoes that infringe at least one claim of each patent in suit. Furthermore, Defendant United
22 is intentionally copying other's goods, including those snowshoes that are subject to coverage by

COMPLAINT         3

the patents in suit. *See* Declaration of Eric Hobbs.

11. On information and belief, Defendant GIE is an organizer at the Summer Market 2005 Outdoor Retailer exhibition for China-based exhibitors, and has assisted and continues to assist such exhibitors, including Defendant United, in securing display booths, providing logistical support and facilitating business transactions with prospective vendees.

12. On information and belief, Defendant GEI has knowingly assisted and continues to assist the China-based exhibitors in offering to sell and/or selling their goods, including Defendant United's snowshoes. On information and belief, but for the assistance of Defendant GEI, Defendant United would not have engaged nor would be engaging in its infringing conduct described above during the Summer Market 2005 Outdoor Retailer exhibition.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF UNITED STATES PATENT NO. 5,469,643

13. Cascade realleges paragraphs 1 through 12 above as if fully set forth herein.

14. Cascade is the owner, including the owner of the right to sue for infringement, of duly and legally issued United States Patent No. 5,469,643.

15. Defendants have infringed, and are infringing, the '643 patent.

16. Defendants knew, or should have known, of Cascade's rights in the '643 patent.

17. Defendants' infringement of the '643 patent has been intentional and deliberate, and constitutes willful infringement.

18. Cascade has suffered significant irreparable injury from such acts of infringement, and will continue to suffer such injury in an amount to be determined at trial, unless Defendants are

1 | enjoined from continued infringement of Cascade's exclusive rights under the '643 patent.

## SECOND CAUSE OF ACTION

### INFRINGEMENT OF UNITED STATES PATENT NO. 5,517,773

19. Cascade realleges paragraphs 1 through 12 above as if fully set forth herein.

20. Cascade is the owner, including the owner of the right to sue for infringement, of duly and legally issued United States Patent No. 5,517,773.

21. Defendants have infringed, and are infringing, the '733 patent.

22. Defendants knew, or should have known, of Cascade's rights in the '733 patent.

23. Defendants' infringement of the '773 patent has been intentional and deliberate, and constitutes willful infringement.

24. Cascade has suffered significant irreparable injury from such acts of infringement, and will continue to suffer such injury in an amount to be determined at trial, unless Defendants are enjoined from continued infringement of Cascade's exclusive rights under the '773 patent.

## THIRD CAUSE OF ACTION

### INFRINGEMENT OF UNITED STATES PATENT NO. 5,531,035

25. Cascade realleges paragraphs 1 through 12 above as if fully set forth herein.

26. Cascade is the owner, including the owner of the right to sue for infringement, of duly and legally issued United States Patent No. 5,531,035.

27. Defendants have infringed, and are infringing, the '035 patent.

28. Defendants knew, or should have known, of Cascade's rights in the '035 patent.

29. Defendants' infringement of the '035 patent has been intentional and deliberate, and constitutes willful infringement.

30. Cascade has suffered significant irreparable injury from such acts of infringement, and will continue to suffer such injury in an amount to be determined at trial, unless Defendants are enjoined from continued infringement of Cascade's exclusive rights under the '035 patent.

## FOURTH CAUSE OF ACTION

### INFRINGEMENT OF UNITED STATES PATENT NO. 5,921,007

31. Cascade realleges paragraphs 1 through 12 above as if fully set forth herein.

32. Cascade is the owner, including the owner of the right to sue for infringement, of duly and legally issued United States Patent No. 5,921,007.

33. Defendants have infringed, and are infringing, the '007 patent.

34. Defendants knew, or should have known, of Cascade's rights in the '007 patent.

35. Defendants' infringement of the '007 patent has been intentional and deliberate, and constitutes willful infringement.

36. Cascade has suffered significant irreparable injury from such acts of infringement, and will continue to suffer such injury in an amount to be determined at trial, unless Defendants are enjoined from continued infringement of Cascade's exclusive rights under the '007 patent.

## FIFTH CAUSE OF ACTION

### INFRINGEMENT OF UNITED STATES PATENT NO. 6,195,919

37. Cascade realleges paragraphs 1 through 12 above as if fully set forth herein.

COMPLAINT 6

38. Cascade is the owner, including the owner of the right to sue for infringement, of duly and legally issued United States Patent No. 6,195,919.

39. Defendants have infringed, and are infringing, the '919 patent.

40. Defendants knew, or should have known, of Cascade's rights in the '919 patent.

41. Defendants' infringement of the '919 patent has been intentional and deliberate, and constitutes willful infringement.

42. Cascade has suffered significant irreparable injury from such acts of infringement, and will continue to suffer such injury in an amount to be determined at trial, unless Defendants are enjoined from continued infringement of Cascade's exclusive rights under the '919 patent.

## SIXTH CAUSE OF ACTION

## INFRINGEMENT OF CASCADE'S TRADE DRESS -- UNFAIR COMPETITION

43. Cascade realleges paragraphs 1 through 12 above as if fully set forth herein.

44. Cascade has certain rights, including trade dress rights, in its snowshoes. As owner of those rights, it has the right to sue for infringement thereof.

45. Defendants have infringed, and are presently infringing, upon Cascade's trade dress.

46. Defendants' infringement of Cascade's rights in its trade dress has been intentional and deliberate, and constitutes willful infringement. Moreover, Defendants' actions and resulting products constitute counterfeit goods.

47. Cascade has suffered significant irreparable injury from such acts of infringement, and will continue to suffer such injury in an amount to be determined at trial, unless Defendants are enjoined from continued infringement of Cascade's exclusive rights in its trade dress.

## PRAYER FOR RELIEF

WHEREFORE, Cascade prays for relief as follows:

1. For preliminary and permanent injunctions prohibiting Defendants United and GIE, including their directors, officers, employees, agents, affiliates and/or any others working in concert with them, from infringing the patents in suit;

2. For a preliminary and permanent injunction prohibiting Defendants, including their directors, officers, employees, agents, affiliates and/or any others working in concert with them, from infringing Cascade's trade dress rights;

3. For an award to Cascade of its lost profits and other damages it has suffered, and for damages for any gains and/or profits Defendants have received or may receive from their wrongful acts, and any further amounts necessary to eliminate any unjust enrichment that has been enjoyed or will be enjoyed by Defendants from their unlawful acts, as may be proved or provided at trial;

4. For an award of prejudgment interest on the monetary damages awarded to Cascade, pursuant to 35 U.S.C. § 284, and/or as otherwise permitted by law;

5. For an award of trebled damages under 35 U.S.C. § 284, and/or as otherwise permitted by law;

6. For an award of attorneys' fees pursuant to 35 U.S.C. § 285 and/or as otherwise permitted by law; and

8. For such further relief as the Court deems just and equitable.

///

1  ///

2  DATED this 12th day of August 2005

3                                          Respectfully submitted,

4                                          *[signature]*

5                                          Stephen M. Evans, WSBA #20481
                                           Graybeal Jackson Haley LLP
6                                          On behalf of Plaintiff, Cascade Designs, Inc.